UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                             Case No. 1:99-CR-132

EDWIN DAVID WOOD, II,

                                                              HON. GORDON J. QUIST

    Defendant.
_____/

**MEMORANDUM ORDER**
**GRANTING MOTION FOR RECONSIDERATION**

       Defendant, Edwin David Wood, II, has filed a motion for reconsideration (docket no. 208) asking this Court to reconsider its August 28, 2007, Order denying his motion for an extension of time to file a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody. Specifically, Defendant alleges that the Court miscounted the number of days he had to file his § 2255 motion, and should have counted from the date the mandate was issued rather than the date that the Court of Appeals for the Sixth Circuit affirmed the district court. As discussed below, Defendant is partially correct in that the Court should have counted days beginning with the date that the motion for a rehearing was denied, rather than the date that the district court was affirmed. For the following reasons, Defendant's motion for reconsideration is granted, and Defendant has until November 6, 2007 to file his § 2255 motion.

       In its August 28, 2007, Order, the Court inadvertently relied on the dates shown in the district court's docket sheet as opposed to the dates in the docket sheet for the Court of Appeals for the Sixth Circuit. Thus, for reasons of clarity, the Court will summarize the relevant dates below.

On April 12, 2001, Defendant was found guilty by a jury of multiple counts, including wire fraud and money laundering. On October 18, 2001, he was sentenced to a term of imprisonment, but his case was remanded for re-sentencing by the Court of Appeals for the Sixth Circuit. On June 13, 2005, Defendant was re-sentenced, and on July 12, 2006, his sentence was affirmed by the Court of Appeals. On July 26, 2006, Defendant filed a motion for a rehearing before the original panel. On August 8, 2006, the Court of Appeals for the Sixth Circuit denied Defendant's motion for a rehearing. A Mandate was issued on August 17, 2006.

28 U.S.C. § 2255 provides that the one year statute of limitations begins to run from the latest of several dates, including "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. The Sixth Circuit has held that:

> When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.

*Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004)(citing *Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072 (2003)).

United States Supreme Court Rule 13 sets out the time for filing a petition with the Supreme Court and provides that:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, <u>and not from the issuance date of the mandate</u> (or its equivalent under local practice). <u>But if a petition for rehearing is timely filed in the lower court by any party</u>, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, <u>the time to file the petition for a writ of certiorari for all parties</u> (whether or not they requested rehearing or joined in the petition for rehearing) <u>runs from the date of the denial of rehearing</u> or, if rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3) (emphasis added). Thus, the 90-day period does not begin to run for the date of the mandate. However, the Court's August 28, 2007, Order was incorrect, and the 90-day period begins to run from the date that the rehearing was denied. Here, the 90-day period began to run on August 8, 2006, when the Court of Appeals denied Defendant's motion for a rehearing. Ninety days from August 8, 2006 would be November 6, 2006. Under 28 U.S.C. § 2255, Defendant has one year from that date to file his § 2255 motion. Thus, Defendant has until November 6, 2007 to file his §2255 motion with the Court.

For the reasons stated above,

    **IT IS HEREBY ORDERED** as follows:

1. Defendant's motion for reconsideration (docket no. 208) is **GRANTED**.

2. Defendant has until **November 6, 2007**, in which to file his § 2255 motion.

3. As Defendant has already filed an appeal of the August 28, 2007, Order (Ct. App. Case # 07-2167), a copy of this Order shall be filed with the Court of Appeals for the Sixth Circuit.


Dated: October 2, 2007                                /s/ Gordon J. Quist
                                                               GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE